### DALIN v. MARZALL.

Civ. A. No. 5555–50.

United States District Court
District of Columbia.

March 18, 1952.

Ira Milton Jones, of Milwaukee, Wis., and James H. Littlepage, Washington, D. C., for plaintiff.

E. L. Reynolds, Washington, D. C., for Government.

BASTIAN, Judge.

This is a proceeding brought under 35 U.S.C.A. § 63, R.S. § 4915, for a patent for a process and device for destructive distillation. The application for patent bears Serial No. 648,796.

Claims 23 to 27 inclusive of the application were finally rejected by the Patent Office and this action followed. Claim 23 is typical and is as follows:

> "23. In a device for the dry distillation of materials: an upright combustion shaft in which fuel is adapted to be burned to provide the heat necessary for distillation; an upright retort in said combustion shaft at least the lower portion of which is embedded in the fuel in the shaft, said retort being adapted to contain material to be distilled by the heat of combustion in the shaft; and means for controlling the temperatures in the shaft and the retort to preclude attainment of temperatures therein at which sintering of the fuel and the distillant takes place, said means comprising a network of ducts through which a heat absorbing fluid circulates, certain of said ducts being embedded in the fuel in the shaft and dispersed at intervals transversely of the shaft so that the influence of the heat absorbing fluid circulating

through them emanates from a number of sources spaced transversely throughout the bed of fuel in the shaft, and the remaining ducts being arranged in juxtaposition to the walls of said embedded portion of the retort."

The rejection of the Patent Office was based primarily on the Bergh Patent No. 1,618,566, although other patents are cited to show certain ancillary features.

It seems to the Court that the claims in the pending application do not define struc-tures which are patentably distinct from those of the Bergh patent. This being so, plaintiff would not be entitled to the relief sought. The Court is unable to say that the Patent Office was in error in its rulings.

The complaint, therefore, will be dismissed.

Counsel will prepare and submit on notice findings of fact, conclusions of law and judgment.